918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond GRAVES, Petitioner-Appellant,
v.
Arthur A. TATE, Jr., Respondent-Appellee.
 No. 89-4117.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1990.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Petitioner, Raymond Graves, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In August, 1985, Graves pleaded guilty to four counts of rape and four counts of gross sexual imposition. He was sentenced to consecutive terms of ten to twenty-five years imprisonment on each count of rape, and terms of two years imprisonment for each count of gross sexual imposition, to be served concurrently with one another and the rape sentences.
 
 
 3
 Upon the unsuccessful attempt to file a delayed appeal, Graves filed the instant petition for a writ of habeas corpus in the District Court for the Southern District of Ohio. In support of his request for that relief, he maintained that his convictions were invalid because: (1) he was denied the right to appeal; (2) he was denied the right to effective assistance of counsel; (3) he was sentenced in violation of the double jeopardy clause; (4) the convictions were contrary to law; (5) the convictions were in violation of legislative intent; (6) he was denied the opportunity to present affirmative defenses; (7) the amended indictment denied him due process; and (8) his guilty pleas were not knowing and voluntary. Graves filed a motion to withdraw the first claim. Thereafter, the district court dismissed the petition as meritless. Graves has filed a timely appeal, raising the same issues which were before the district court and also seeking the appointment of counsel.
 
 
 4
 Upon review, we conclude the district court properly denied Graves's habeas petition for the reasons stated by the court. Graves was not denied his right to effective assistance of counsel because he knowingly, voluntarily and intelligently waived his right to counsel. See Faretta v. California, 422 U.S. 806, 836 (1975). Graves signed a written waiver of counsel after the document was read and explained to him by the court. His waiver of counsel was a voluntary act. In addition, Graves's pleas of guilty were voluntarily and intelligently made. The plea hearing transcript shows that the trial court explained to Graves the nature of the charges and Graves indicated that he understood those charges. The trial court also explained the circumstances and likely consequences of a guilty plea to the charges. With this knowledge, Graves's pleas of guilty were intelligently made. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); Berry v. Mintzes, 726 F.2d 1142, 1146 (6th Cir.), cert. denied, 467 U.S. 1245 (1984).
 
 
 5
 We have examined the remaining issues presented on appeal and find them to be without merit for the reasons stated by the district court.
 
 
 6
 Accordingly, Graves's request for the appointment of counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.